```
                      UNITED STATES DISTRICT COURT
                        DISTRICT OF CONNECTICUT

-------------------------------x
In re:                         :
                               :
CRYSTAL WHITE                  :    Bankruptcy Case No.
                               :    24-50077 (JAM)
                Debtor.        :    Chapter 13
-------------------------------x
                               :
CRYSTAL WHITE,                 :
                               :
           Appellant,          :
      v.                       :    Civ. No. 3:24-cv-442(AWT)
                               :
ROBERTA NAPOLITANO, UNITED     :
STATES TRUSTEE,                :
                               :
      and                      :
                               :
WILMINGTON SAVINGS FUND        :
SOCIETY, FSB, OWNER TRUSTEE OF :
THE RESIDENTIAL CREDIT         :
OPPORTUNITIES TRUST VII-A      :
                               :
                               :
           Appellees.          :
-------------------------------x
```

## RULING ON BANKRUPTCY APPEAL

Crystal White ("White") appeals pro se from the Bankruptcy Court's order dismissing with prejudice her voluntary chapter 13 petition. Appellees Roberta Napolitano ("Napolitano"), as the United States Trustee, and Wilmington Savings Fund Society, FSB ("WSFS"), as the Owner Trustee of the Residential Credit Opportunities Trust VII-A, argue that the dismissal should be

affirmed. For the reasons stated below, the Bankruptcy Court's order dismissing White's petition is being affirmed.

## I. BACKGROUND

On February 7, 2024, White filed a chapter 13 voluntary petition in the United States Bankruptcy Court for the District of Connecticut. On the same day, the Bankruptcy Court issued a notice of the deficiencies in White's petition and gave White until February 14, 2024 to cure those deficiencies. See Bankruptcy Court Docket Sheet, No. 24-50077 (ECF No. 19) at 1-2 (detailing White's failure to file a debtor's declaration, list of creditors, schedules, assets and liabilities summary, financial affairs statement, credit counseling certificate, and chapter 13 plan). On February 14, 2024, White docketed a list of creditors.

On February 13, 2024, WSFS, as a creditor and interested party, moved to dismiss White's petition pursuant to 11 U.S.C. § 1307(c). On February 21, 2024, White filed a motion for non-attorney electronic filing access and a motion for an extension of time to file certain required documents; both were marked as noncompliant with certain federal and local rules of bankruptcy procedure. On February 26, 2024, White amended those motions and filed a motion for a status conference.

On March 7, 2024, the Bankruptcy Court held a hearing on the pending motions, at which White appeared. During that

hearing, the Bankruptcy Court denied White's amended motion for non-attorney electronic filing access and granted White's amended motion for an extension of time until March 15, 2024 to file "the lists, schedules, statements and other documents required under Fed. R. Bankr. P. 1007." Order Granting Mot. to Dismiss with Prejudice, In re White, No. 24-50077 (JAM) (Bankr. D. Conn. Mar. 21, 2024) (ECF No. 1-1) at 3 (the "Bankruptcy Court Order"). See also Transcript of 3/7/2024 Hearing (ECF No. 18) at 13:6-18:14; 36:25-37:4. The Bankruptcy Court also took WSFS's motion to dismiss under advisement following the hearing. White did not file the required documents by March 15, 2024.

On March 21, 2024, the Bankruptcy Court granted WSFS's motion to dismiss the case with prejudice. The Bankruptcy Court stated that White's "principal residence, 229 Landsdowne, Westport, Connecticut 06880 . . . is the subject of a foreclosure action in the Connecticut Superior Court in which title to [that property] passed to [WSFS]." Bankruptcy Court Order at 4. See also Appellee's Br. App. (ECF No. 33-1) at 3-28 (appending the docket in Wells Fargo Bank, N.A. v. White et al., Connecticut Superior Court, Judicial District of Stamford-Norwalk, No. FST-cv13-6019128-S (filed July 16, 2013)). The Bankruptcy Court also explained that "the Debtor filed two prior . . . petitions in the last two years, both of which were dismissed" after the Bankruptcy Court granted White various

extensions, and that "the dates on which the Debtor filed her three Chapter 13 petitions coincide with the eviction dates set in the Superior Court Action." Bankruptcy Court Order at 4-5 (citing In re White, No. 22-50552 (Bankr. D. Conn. Jan. 5, 2023) and In re White, No. 23-50470 (Bankr. D. Conn. Sept. 19, 2023)). See also Appellee's Br. App. at 20, 25, 27 (showing dates on which executions of ejectment were issued in the Superior Court action). The Bankruptcy Court observed that the "Movant's attempts to evict the Debtor from the Property have been stayed each time the Debtor filed her Chapter 13 petitions," even though "title to the Property passed to the Movant . . . nearly two years ago." Bankruptcy Court Order at 4-5. See also Appellee's Br. App. at 26-28 (showing stays of state court proceedings as a result of the appellant's federal bankruptcy filings). The Bankruptcy Court also observed that "the Debtor failed to file any of the schedules, statements, and other documents required to be filed with the petition under Fed. R. Bankr. P. 1007," and that such failure "is itself cause to dismiss this case." Id. at 6 (citing D. Conn. Bankr. L. R. 1007-1(c)).

On March 25, 2024, White filed this appeal from the Bankruptcy Court Order.

## II. STANDARD OF REVIEW

"A district court has jurisdiction to hear appeals of final bankruptcy orders pursuant to 28 U.S.C. § 158(a)[]." In re White, 183 B.R. 356, 358 (D. Conn. 1995). "Because a bankruptcy court's decision to dismiss for cause is guided by equitable principles, it is reviewed for abuse of discretion." In re Buhl, 453 F. Supp. 3d 529, 534 (D. Conn. 2020)(citation and internal quotation marks omitted). "The abuse-of-discretion standard incorporates de novo review of questions of law . . . and clear-error review of questions of fact." United States v. Legros, 529 F.3d 470, 474 (2d Cir. 2008). See In re Charter Commc'ns, Inc., 691 F.3d 476, 482-83 (2d Cir. 2012)("the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo"). Accord In re Motors Liquidation Co., 957 F.3d 357, 360 (2d Cir. 2020). A finding of fact is "only 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Mitchell, 966 F.2d 92, 98 (2d Cir. 1992) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

## III. DISCUSSION

Pursuant to Section 1307(c) of Title 11 of the United States Code, bankruptcy courts, "on request of a party in

5

interest or the United States trustee and after notice and a hearing, . . . may dismiss a [chapter 13 case] . . . for cause." Section 1307(c) defines the term "cause" to include, among other things, "unreasonable delay by the debtor that is prejudicial to creditors" and "failure to file a plan" on a "timely" basis. See 11 U.S.C. § 1307(c). "Although not expressly enumerated in the statute, it is well established that lack of good faith may also be cause for dismissal under § 1307(c)." In re Ciarcia, 578 B.R. 495, 499 (Bankr. D. Conn. 2017) (internal quotation marks and citations omitted).

Although dismissal is typically without prejudice, 11 U.S.C. § 349(a) empowers bankruptcy courts, where appropriate, to dismiss actions with prejudice. See In re Casse, 198 F.3d 327, 339 (2d Cir. 1999) (concluding that 11 U.S.C. § 349(a) affords bankruptcy courts the "power, in an appropriate case, to prohibit a serial filer from filing petitions . . . "). "A number of factors may be indicative of a bad faith filing, including (1) the debtor's filing demonstrates an intent to delay or otherwise frustrate the legitimate efforts of secured creditors to pursue their rights, (2) the debtor has filed multiple bankruptcy petitions, and (3) the debtor filed his bankruptcy petition on the eve of a foreclosure." In re Buhl, 453 F. Supp. 3d at 535 (citation and internal quotation marks omitted). "The Second Circuit has treated bankruptcy courts'

findings of bad faith based on serial bankruptcy filings as finding of fact reviewable for clear error." In re Toor, 477 B.R. 299, 306-07 (D. Conn. 2012) (citing In re Casse, 198 F.3d 327, 341 (2d Cir. 1999)).

On appeal, White challenges the Bankruptcy Court Order on several grounds. Despite the deficiencies in the appellant's papers, which fail to identify with specificity "the facts relevant to the issues submitted for review," as well as the legal "authorities . . . on which the appellant relies," Fed. R. Bankr. P. 8014(a)(5)-(8), the court addresses and construes liberally each of the pro se appellant's arguments. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest'" (citation omitted)); In re Motor Liquidation Co., No. 11-cv-7893 (DLC), 2012 WL 398640, at *2 (S.D.N.Y. Feb. 7, 2012) ("Because [appellant in bankruptcy appeal] is proceeding pro se, his submissions will be construed liberally").

White contends that the Bankruptcy Court Order was an abuse of discretion. She also claims that her right to due process was violated, that the Bankruptcy Judge should have recused herself, that the Owner Trustee's legal representatives perpetrated a fraud on the court, and that the Bankruptcy Court abused its

discretion by not converting the case to a chapter 7 case. Construing each of the appellant's arguments liberally, the court concludes that each lacks merit and that there was no error.

A. **Abuse of Discretion**

White argues that the Bankruptcy Court Order was based on "insufficient evidence," claiming in substance that the order amounted to an abuse of discretion. See Appellant Br. (ECF No. 28) at 2, 13. Specifically, White claims that the Bankruptcy Court based its decision on "an incorrect assessment of her actions and intentions" and "failed to recognize [her] good faith efforts." Id. at 2, 13. Thus, White challenges the Bankruptcy Court's factual finding.

A bankruptcy judge's failure to produce "findings of fact" in deciding motion under 11 U.S.C. § 1307(c) constitutes "error." In re Blaise, 219 B.R. 946, 948-49 (B.A.P. 2d Cir. 1998) (citing Fed. R. Civ. P. 52(a)(1)). But in making such findings, a bankruptcy court need not credit a specific, interested party's account. See United States v. Norman, 776 F.3d 67, 77 (2d Cir. 2015) ("It is the job of the factfinder in a judicial proceeding to evaluate, and decide whether or not to credit, any given item of evidence"). Where "the bankruptcy court was able to view firsthand the actions and statements of the parties" and based its decision on sound legal principles, a

reviewing court "'[should] not substitute its judgment for that of the bankruptcy court,' in the absence of a finding of abuse of discretion." In re Casse, 198 F.3d 327, 341 (2d Cir. 1999)(citation omitted). Here, the Bankruptcy Court made the requisite findings of fact and did not abuse its discretion in doing so.

The record shows that White was able to present to the Bankruptcy Judge her contentions with respect to her attempts to conform her filings and conduct to the law at the hearing on March 7, 2024. See Transcript of 3/7/2024 Hearing at 29:6-31:3. Also, the Bankruptcy Judge granted White's motion for an extension of time in which to file the requisite documents. In explaining why the case should be dismissed, the Bankruptcy Judge cited to (1) the debtor's prior chapter 13 petitions, both of which had been dismissed, (2) the timing of those filings and the current filing, all of which coincided "with the eviction dates set in the Superior Court," and (3) the debtor's failure "to file any of the schedules, statements, and other documents required to be filed with the petition under Fed. R. Bankr. P. 1007" and "D. Conn. Bankr. L.R. 1007-1(c)." Bankruptcy Court Order at 5-6. The cumulative weight of those factors merited dismissal with prejudice. See In re Procel, 467 B.R. 297, 308 (S.D.N.Y. 2012) (noting that "bankruptcy courts may infer an intent to hinder, delay, and defraud creditors from the fact of

9

serial filings alone" (internal quotation marks and citations omitted)); In re Truong, 388 B.R. 43, 44 (S.D.N.Y. 2008)("Courts have dismissed bankruptcy appeals when appellants failed to comply with [Fed. R. Bankr. P. 8009's] time limitation because of bad faith, negligence, or dilatoriness"). See, e.g., In re Plumeri, 434 B.R. 315, 332-33 (S.D.N.Y. 2010) (concluding there "almost certainly [is] sufficient evidence in this record to sustain a finding of bad faith" and impose sanctions where the debtor "repeatedly invoked federal bankruptcy jurisdiction [to] thwart[]" state "eviction proceedings").

Courts have also affirmed dismissals with prejudice that were based on the debtor's serial attempts to undermine state court foreclosure or eviction proceedings. See, e.g., In re Casse, 198 F.3d at 329-30, 332-33 (affirming for-cause dismissal with prejudice where debtors filed three actions on the eves of "foreclosure sales" and "took no steps to advance" each action); In re Buhl, 453 F. Supp. 3d at 534-35 (affirming for-cause dismissal based on bad faith where appellant filed "multiple bankruptcy petitions" "only days before a proposed judicial foreclosure sale"); In re Cameron, No. 3:18-CV-01165 (JCH), 2019 WL 1383069, at *7 (D. Conn. Mar. 27, 2019) (affirming dismissal where "[o]n two separate occasions, [the debtors] filed a bankruptcy petition on the precise date on which the law day was

scheduled to run, thereby delaying [creditors] from obtaining . . . title to the Property").

The Bankruptcy Court did not abuse its discretion by finding that more weight should be placed on the three objective factors to which it cited than on White's assertions with respect to her good faith.

### B. Other Claims of Error

White's additional claims of error also lack merit.

#### 1. Alleged Due Process Violations

White contends that her right to due process was violated because the Bankruptcy Court denied her request for an evidentiary hearing and her request for electronic filing privileges, and because it also gave her inadequate "notice for certain hearings." See Appellant Br. at 2, 9, 11, 13. With respect to White's request for an evidentiary hearing, 11 U.S.C. § 1307(c) requires that a "hearing," not an "evidentiary hearing," be held before a bankruptcy court grants an interested party's motion to dismiss. See In re Blaise, 219 B.R. at 949 (although a hearing of some kind and notice are required, "motions to dismiss [under 11 U.S.C. § 1307(c)] may be decided wholly on the papers, and usually are"). A hearing was held on the pending motion to dismiss on March 7, 2024. White cites no authority in support of her position that she had a right to an "evidentiary hearing" in connection with that motion.

11

With respect to White's request for electronic filing privileges, the Bankruptcy Judge properly determined that White, as a pro se litigant, was not eligible for electronic filing privileges. The rules for the United States Bankruptcy Court for the District of Connecticut contain a section on the scope of electronic filing. That rule defines certain terms, including the following:

> CM/ECF Filer refers to a person authorized to electronically file documents with the Court's CM/ECF system in compliance with CM/ECF Procedure Number 2(a) below and <u>does not include a Pro Se Filer/Litigant</u>.

Conn. Bankr. L. R. App'x A(1)(b)(ii) (emphasis added). During the hearing on March 7, 2024, the Bankruptcy Judge explained to the appellant why her request for electronic filing privileges was being denied: "And I will tell you with regard to the e-filing issue, I understand your concern. Bankruptcy courts are different than the district court and the state court that allow electronic filing, although we are attempting to try to come up with a process to do that." Transcript of 3/7/2024 Hearing at 13:6-13:10. The Bankruptcy Judge then explained in detail why pro se litigants could not be accommodated in terms of electronic filing in the Bankruptcy Court. <u>See</u> <u>id.</u> at 14:16-16:18. The Bankruptcy Judge also explained that "[m]ost bankruptcy courts, if not all, don't allow debtors to file things electronically without a lawyer. The lawyer is the

12

electronic filer." Id. at 17:16-17:18. See In re Procel, 652 B.R. 577, 578 (Bankr. S.D.N.Y. 2023) ("The Southern District of New York Bankruptcy Court created the Pro Se Upload Tool in April 2020 in direct response to the Covid-19 pandemic which restricted physical access to the courthouses. The tool allows pro se parties (who are generally not permitted to have e-filing accounts on CM/ECF) to electronically upload documents through the Court's website"). The Bankruptcy Judge's denial of White's request for electronic filing privileges was neither a violation of her right to due process, nor an abuse of discretion.

With respect to White's claim of deficient notice, White identifies no specific hearing or deadline of which she was not adequately notified. In fact, White conceded at the March 7, 2024 hearing that any potential lack of notice regarding upcoming deadlines was due to her own lack of diligence in entering a mailing address that featured a five-digit zip code, as opposed to a complete, nine-digit zip code. See Transcript of 3/7/2024 Hearing at 25:1-28:9.

### 2. Failure to Recuse

White contends that the Bankruptcy Judge's decision to not recuse herself constituted error. See Appellant Br. at 14. At the March 7, 2024 hearing, White argued that the Bankruptcy Judge should recuse herself because a law firm at which she previously worked was likely to represent an entity against

13

which White hoped to bring a civil tort claim in the future. See Transcript of 3/7/2024 Hearing at 6:14-7:7; 8:11-11:6. The Bankruptcy Judge explained: "I haven't been with the firm for over ten and a half years. So under the Rules of Professional Conduct and under the judicial conference rules, there isn't a conflict of interest simply because I worked at a firm before I became a judge." Id. at 6:15-6:20. The Bankruptcy Judge also explained that there was no basis for her to recuse herself based on prior stock ownership in Wells Fargo & Company or any relationship with the Vanguard Group, Incorporated. See id. at 7:11-8:10.

Under 28 U.S.C. § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "[J]udges should not recuse themselves solely because a party claims an appearance of partiality." In re Certain Underwriter, 294 F.3d 297, 305 (2d Cir. 2002) (quoting In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001)). There was no basis on which the Bankruptcy Judge's impartiality could reasonably be questioned, and her decision to deny White's motion for recusal was not erroneous.

### 3. Alleged Fraud on the Court

White argues that the legal representatives of WSFS perpetrated "fraud on the court" by "conceal[ing] the identities

14

of the true beneficiaries of the Residential Credit Opportunities Trust VII-A" and other "critical information." Appellant Br. at 2. Federal Rule of Bankruptcy Procedure 8014 requires that an "appellant's brief must contain . . . a concise statement of the case setting out the facts relevant to the issues submitted for review." Fed. R. Bankr. P. 8014(a). See also In re Regan, No. 3:21-CV-1231 (BKS), 2022 WL 16744175 (N.D.N.Y. Nov. 7, 2022) ("failure to adequately brief an issue" in a bankruptcy appeal "generally serves as a waiver of that issue") (citing Fed. R. Bankr. P. 8014(a)); In re Truong, 388 B.R. at 45 ("pro se [bankruptcy] litigants" may be "afforded some latitude," but are not exempt from "procedural rules").

It is unclear whether White is claiming fraud on the Superior Court during the course of the foreclosure proceedings or fraud on the Bankruptcy Court. Under either scenario however, the appellant does not explain why the identities of the true beneficiaries of the Residential Credit Opportunities Trust VII-A were material or even relevant to the adjudication of the issues by either the Connecticut Superior Court or the Bankruptcy Court.

### 4. Failure to Convert Case to Chapter 7 Case

White contends that it was an abuse of discretion for the Bankruptcy Judge to dismiss the case instead of converting it to a Chapter 7 case. See Appellant Br. at 2. Section 1307(c)

15

provides that "on request of a party in interest or the United States trustee" a bankruptcy court "may convert a case under [chapter 13] to a case under chapter 7 of this title." 11 U.S.C. § 1307(c)(emphasis added). Conversion of a chapter 13 case to a chapter 7 case is thus a discretionary determination that is not made sua sponte by a bankruptcy court without a "request" from a party in interest or the United States trustee. Here, White did not file any motion that could be construed as a request to convert the case pursuant to § 1307(c), nor was any such request made at the hearing on March 7, 2024. See Bankruptcy Court Docket Sheet at 4-5; Transcript of 3/7/2024 Hearing. See also Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below").

## VI. CONCLUSION

For the reasons set forth above, the Bankruptcy Court Order is hereby AFFIRMED.

The Clerk shall close this case.

It is so ordered.

Signed this 21st day of November 2024 at Hartford, Connecticut.

>                              /s/ AWT
>                          Alvin W. Thompson
>                      United States District Judge

16